United States Court of Appeals
For the Fourth Circuit

Under Seal 1
AND Under Seal 2
    Appellants

v.

Under Seal 3,
    Retired Maryland State Trooper
Under Seal 4,
Under Seal 5, Esq,
Under Seal 6, Esq.
THE STATE OF Under Seal 7,
Under Seal 8,
Under Seal 9,
Under Seal 10
Under Seal 11,
Under Seal 12,

    Appellees

NO. 13-677
1:13-CV-00153-RDB

No items were redacted in the following pages necessary to comply with the sealing instruction of the court.

**A CHILD TRAFFICKING WHISTLEBLOWER CASE**

NOW COMES Petitioners who filed this Answer to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit poses its question to Petitioners on behalf of the Defendants to this child trafficking case as the Defendants have yet to enter any statement in this case or even the case below

though they have been properly served on each occasion. Normally, that would warrant a default judgment against the Defendants/Respondents not the Court's sua sponte defense of them. That question is whether Plaintiffs' Appeal is timely filed.

Rule 4(a)(6)(B) – (C) states that an Appeal is proper within 180 days after the Judgment or Order is entered and no party is prejudiced. Clearly, the Defendants/Respondents are not prejudiced nor is Judge Bennett prejudiced from having an Appeal opened on the issue of whether Judge Bennett properly refused to call the Defendants/Respondents to the Court through a Summons. While the Rule does reference the Federal Rules of Civil Procedure, which states that the time allotted for noting Appeal is unaffected by whether or not the parties obtained services of the Order, the issue here is not Service but deprivation of the right of the Petitioners to know of the Order.

In this case, Judge Bennett refused for 33 days to issue any of the Defendants summonses to the Court. For those 33 days, no case number was issued, and the case did not appear on the Court's Docket. After Judge Bennett issued his Order, the case was Sealed from the public Docket and so was the case number and the case was CLOSED (even if Petitioners wanted to file a notice of appeal directly with the U.S. District Court, they cannot file in a closed case as the Clerk does not accept filings in closed cases. Thus, when the Petitioners attempted to check on the case and discover whether an Order had been issued, the

2

Petitioners were actively deprived of that information by the Clerk of the Court's requirement to follow Judge Bennett's Order. The Clerk of the Court said at the Customer Service Window that she could not give out any information about the case as it is sealed. Neither the case number nor whether a case number or order had been issued. The public access system will not allow you to do a party search by name since the case is sealed. In fact, this case is titled UNDER SEAL 1; UNDER SEAL 2 v. UNDER SEAL 3 through 12. With a title and caption of that nature, one does not have any access to the case. This act by the Court directly deprives the Petitioners of the right to be informed that a decision was made in the case. This has nothing to do with service. Therefore, the 180 day Rule applies.

Rule 4(a)(6)(B) – (C) also applies to appealing and reopening the case of IN RE: David A. Ross, MISC Case No. 12-mc-312 (Disciplinary). Fraud by the United States District Court for the District of Maryland cannot be used as a reason by the Court to deprive Ross' right to an appeal and rehearing. This Court claimed that it sent a certified letter to Ross and it was returned. Then Chief Judge Chasanow used that returned mail as a basis for service and disbarment trial of Ross in absentia. The profound problem is that the Court mailed the certified letter to the wrong address, using a nonexistent mailing address. The Court was provided the false address by the Defendants in this case at bar. Furthermore, that Court knows well the Maryland service rules that requires actual personal service and not

3

by service by mail for valid service. Therefore the case of, <u>IN RE: David A. Ross,</u> is sought to be joined with the above captioned case as both evidence and to have that improper/illegal order reversed as it is timely filed within the 180 day time. Service and an order cannot be valid when the case is entirely unknown to Ross and fraudulently served by the Clerk of the Court.

Again, this is not a question of service of the order in: <u>IN RE: David A. Ross,</u> but a question of whether the case was properly admitted to the bar for lack of service to begin with. Playing the shell game on service of the original case as opposed to the service of the order gives rise to the evidence of the very claim of fraud presented in this above captioned case to this Honorable Fourth Circuit. The fact that the Chief Judge entered a federal disbarment order while the judicial opinion in which she claims to rely upon was under appeal gives rise to the lack of information and false statements provided to her Court by the very Defendants that Judge Bennett refuses to serve a summons on.

The Docket of this Honorable Court is incorrect. This case was properly filed on the 15th of April, 2013, and that filing prompted this United States Court of Appeals Fourth Circuit on May 24, 2013, to issue an order to Petitioners to re-file in an Informal Brief process. There is no question as to the date that original brief was filed with this Court and the United States District Court for Maryland. The docketing of the case on May 24, 2013, is wholly improper by the Clerk of the

4

Court to calculate from when the 30 days is to be considered from Judge Bennett's opinion. This extra 39 days is very misleading as an error by this Honorable Court and cannot be used for the purpose of claiming a lack of a notice of appeal. The Petitioners filed within 30 days of obtaining the information of Judge Bennett's Order. The Petitioners filed their notice of appeal and provided that notice to each of the Defendants and the U.S. District Court for Maryland. This Honorable Court may validly question as to what happened to the letters sent by Judge Bennett containing the order. The fact of the matter is that one of the Defendants of this case removed one of the Petitioners from her home (and homelessness resulted) and that letter stayed in the possession of that Defendant until after the expiration of the 30 day limit for Petitioners to file a notice of appeal. With respect to the other notice of the order being mailed to the second Petitioner, that letter was never received. Perhaps again the Court used a non-existent address to mail the second Plaintiff as it did in the case noted above, despite the fact that that Petitioner has clearly noted his correct P.O. Box as the mailing address in the Court file.

Furthermore, given that it is known that the Defendants/Respondents have direct access to the Petitioners' mail through their official positions; they clearly have obtained one of the copies of Judge Bennett's order and retained it until after the 30 day rule expired. They very clearly could have intercepted the second letter

5

and not turned it over. The fact that the Defendants/Respondents have obtained the written notices and the Court having closed and sealed the case and refused to provide Petitioners with a case number, directly demonstrates that application of the 30 day rule is to permit defrauding the Petitioners by the Court itself.

The question is: are the Defendants /Respondents harmed by allowing this appeal to go forward? The answer is they are clearly not as they have had significant notice of this case, they have been served, and they have participated by receiving service of all of the pleadings in this case and all of the related cases and chosen to remain silent. They are not unsophisticated Defendants but are child traffickers who hold responsible posts in government and must be brought to trial in front of an impartial judiciary.

Furthermore, the Fourth Circuit Court's rule which favors the Federal Government of the United States by allowing 60 days to file a Notice of Appeal while disfavoring individuals allowing them only 30 days to file a Notice of Appeal is wholly improper in light of this Court's obligation to be independent and impartial. Since the Petitioners filed a detailed Notice of Appeal within 60 days of the Federal Government refusing to issue the Notices of Summons to bring the Defendants/Respondents to Court, the Court has no administrative right to differentiate between the rights of Petitioners before their Court if the appeal positions were reversed.

If it takes 60 days for an attorney with a U.S. Government Agency to file a Notice of Appeal, then the Court cannot claim that it should take an individual (without resources) less time filing against the agency without granting favoritism. The fact is it is the Court that is named by this appeal to demand that it act in accordance with the law. Namely a Writ of Mandamus to Judge Bennett, who refused to issue the summons. The fact of the matter is it is directly Judge Bennett's actions alone as an employee of the U.S. Government that unilaterally acted on behalf of the Defendants/Respondents to protect their interest. Therefore no prejudice comes to the Defendants/Respondents because he alone acted in their defense instead of issuing an independent opinion based upon argument submitted by the Defendants themselves and no benefit comes to the Court by holding in favor of the judge's order that the Court, judge, and defendants all conspire to hold secret the decision of the court until after the time allotted.

The fact is that a Judge may not deprive the Petitioners of notice of his ruling. The case was closed before it was opened. No hearing was conducted, no summonses were issued. No access was given to the docket by the direct actions of the U.S. District Court. Holding the Petitioners responsible for such rules to file such a notice not only so narrowly interprets Rule 44(a)(6)(B) – (C) as to make it meaningless, but also avoids the very basic notion of fairness and impartiality in our court system.

In this case, Judge Bennett has preempted this case by asserting a defense for the Defendants. That serves to deprive the Petitioners of an impartial Judge. For now Petitioners are arguing against the Judge's improper application of the law having been deprived of appearing before Judge Bennett serving as an impartial arbiter of the law.

In Short, the Petition was timely filed under Rule 44(a)(6)(B) – (C). The fact that: a) The U.S. District Court closed the case before it opened one, failed to issue a case number, and sealed the case, deprives the Petitioners from viewing the case upon the public or electronic docket of the court or the challenged court order;

b) The U.S. District Court refused to issue a case number by which the case could be tracked by Petitioners at the Clerk of the Court's Customer Service Window, thus depriving the Petitioners the ability to look up the case or have knowledge that an order was issued, as a case search on the case number could not be found;

c) No written order was received by United States Mail from the judge until after the expiration of the 30 days thus depriving Petitioner of knowing of the order and the content of the order. In fact, one of those copies was discovered in the possession of the Defendants/Respondents and it is that copy which enabled the Petitioners to file this appeal;

d) The notice was filed within 60 days, which is the same amount of time given to defendants if they were to have appealed;

e) The 180 day rule applies as there is no prejudice to the defendants for letting this appeal continue as they have remained silent throughout this case, and only are beneficiaries of the sua sponte orders of this Court and the U.S .District Court; and

f) The U.S. District Court refused to appoint counsel despite the fact that Petitioners are entitled to have counsel appointed and money for suit costs and fees having demonstrated in the filed pleadings, overt discrimination, civil rights violations, unlawful incarceration of a victim of child trafficking, and falsification of judicial hearings to discredit witnesses of child trafficking.  The statutes clearly indicate that the court has the discretion to appoint counsel.

Therefore, the Petition is timely and cannot be dismissed by this Honorable Court at it complies with the 180 day provision of Rule 4(a)(6)(B) – (C).

Respectfully submitted,



Petitioners ▮▮▮▮▮ and ▮▮▮▮▮ on July 22, 2013

Certificate of Service

I, ▮▮▮▮▮, mailed a true and correct copy of this Answer on July 22, 2013, by U.S. Mail to:

Clerk, U.S. Court of Appeals, Fourth Circuit, 1100 East Main Street, Suite 501, Richmond VA 23219;

All Defendants/Respondents:





TO: CLERK
U.S. COURT OF APPEALS
FOURTH CIRCUIT
1100 EAST MAIN STREET
Suite 501
RICHMOND VA 23219